IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| MARIA CHICO, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | EP-15-CV-301-FM |
| | § | |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Maria Chico, through her counsel, asks the Court to vacate her guilty-plea conviction in cause number EP-13-CR-1203-FM-1 for one count of encouraging and inducing the illegal entry of an alien into the United States. Chico argues in her petition for a writ of error *coram nobis* under 28 U.S.C. § 1651(a)[1] that her counsel provided constitutionally ineffective assistance.[2] After reviewing the record and for the reasons discussed below, the Court concludes that Chico fails to establish her entitlement to relief. Accordingly, the Court will deny her petition and dismiss her cause with prejudice.

## FACTUAL AND PROCEDURAL HISTORY

According to a criminal complaint filed by a Customs and Border Protection ("CBP") enforcement officer, on May 11, 2013, Chico drove a Honda Odyssey minivan into the United States from Mexico at the Paso del Norte Port of Entry in El Paso, Texas.[3] Chico's two minor children and one adult male, Angel Duarte-Cervantes, accompanied her as passengers in the van.

---

[1] *See* 28 U.S.C. § 1651(a) (West 2015) ("The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.").

[2] Pet'r's Pet 1, ECF No. 1

[3] Criminal Compl. 2, ECF No. 1, EP-13-CR-1203-FM-1.

1

Chico presented to an inspecting CBP officer a Form I-551 Permanent Residence Card properly issued to her and three United States passport books for her passengers. Chico told the CBP officer that Duarte-Cervantes was her husband. Chico admitted, after the CBP officer determined Duarte-Cervantes was not, in fact, the person named in the passport book, she knew Duarte-Cervantes was a citizen of Mexico, did not possess the legal documents necessary to enter the United States, and was not her husband. Chico then claimed she brought Duarte-Cervantes to the United States as a favor to his wife, who lived in Irving, Texas.

When questioned by the CBP officer, Duarte-Cervantes said Chico provided him with the United States passport book and told him to memorize its contents to enable him to answer questions about it at the border. He also claimed Chico told him to claim he was her husband during any border inspection.

A grand jury sitting in the Western District of Texas, El Paso Division, returned a one-count indictment alleging Chico "did encourage and induce a certain alien to come to, enter, and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry, and residence in the United States was in violation of law," in violation of 18 U.S.C. §§ 1324(a)(1)(A)(iv) and (a)(1)(B)(ii).[4] Chico appeared before a United States Magistrate Judge to enter a plea. After the Magistrate Judge admonished her as required by Federal Rule of Criminal Procedure 11, Chico agreed she understood the nature of the charge and the immigration consequences of her plea.[5] She further agreed to a factual basis which supported the charge.[6] Chico then pleaded guilty to the indictment as charged. The Court accepted her plea and, on

---

[4] Indictment, ECF No. 11, EP-13-CR-1203-FM-1.

[5] Report and Recommendation 1—2, ECF No. 22, EP-13-CR-1203-FM-1.

[6] *Id.* at 2.

October 31, 2013, sentenced her to time served without supervised release. Chico did not appeal.

In her petition for a writ of error *coram nobis*, Chico asks the Court to vacate and set aside her sentence for six reasons related to her claim that her trial counsel provided constitutionally ineffective assistance. First, she asserts her counsel failed to advise her the Government did not possess sufficient evidence to prove beyond a reasonable doubt that she had "encouraged" Duarte-Cervantes to come to, enter, and reside in the United States.[7] Second, she claims her counsel failed to inform her of "the meaning of the terms 'encourage' and 'induce', as used in the indictment," and the evidence the Government needed to prove its case at trial.[8] Third, she contends her counsel failed to investigate whether she had "encouraged or induced" Duarte-Cervantes to come to, enter, or reside in the United States.[9] Fourth, she avers her counsel affirmatively represented to her that her guilty plea "would not result in her deportation or removal from the United States because she was a United States citizen."[10] Fifth, Chico maintains she is "actually innocent" of the alien smuggling offense.[11] Finally, she contends her counsel failed to "obtain a plea agreement wherein [she] would enter a guilty plea to the offense of making a false statement to a federal officer" and avoid proceedings to remove her from the United States.[12]

---

[7] Pet'r's Pet. 3, ECF No. 1.

[8] *Id.* at 4.

[9] *Id.* at 9.

[10] *Id.* at 11.

[11] *Id.* at 16.

[12] *Id.* at 17. *See Rivera v. Gonzales*, 147 F. App'x 683, 684 (9th Cir. 2005) (Explaining

3

## LEGAL STANDARD

"The writ of *coram nobis* is an ancient common-law remedy designed 'to correct errors of fact.'"[13] "[T]he authority to grant a writ of *coram nobis* is conferred by the All Writs Act, which permits 'courts established by Act of Congress' to issue 'all writs necessary or appropriate in aid of their respective jurisdictions.'"[14] It provides "an 'extraordinary remedy'. . . to a petitioner no longer in custody who seeks to vacate his conviction in circumstances where 'the petitioner can demonstrate that he is suffering civil disabilities as a consequence of the criminal convictions and that the challenged error is of sufficient magnitude to justify the extraordinary relief.'"[15] "The writ will issue only when no other remedy is available and when 'sound reasons exist[ ] for failure to seek appropriate earlier relief.'"[16] A petitioner seeking *coram nobis* relief must demonstrate (1) there are circumstances compelling the granting of the writ in order to achieve justice, (2) sound reasons exist for the failure to seek appropriate earlier relief, and (3) the petitioner continues to suffer legal consequences from his conviction which may be remedied

---

Section 237(a)(1)(A) of the of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(1)(A), authorizes the removal of "[a]ny alien who at the time of entry or adjustment of status was within one or more of the classes of aliens inadmissible by the law existing at such time," and Section 212(a)(6)(E)(i) of the Act, 8 U.S.C. § 1182(a)(6)(E)(i), deems an alien "inadmissible" if she "at any time knowingly has encouraged, induced, assisted, abetted, or aided any other alien to enter or to try to enter the United States in violation of law.").

[13] *United States v. Denedo*, 556 U.S. 904, 910 (2009) (quoting *United States v. Morgan*, 346 U.S. 502, 507 (1954)).

[14] *Id.* at 911 (quoting 28 U.S.C. § 1651(a)).

[15] *United States v. Castro*, 26 F.3d 557, 559 (5th Cir. 1994) (citing *United States v. Morgan*, 346 U.S. 502, 511 (1954) and *United States v. Marcello*, 876 F.2d 1147, 1154 (5th Cir. 1989)).

[16] *United States v. Dyer*, 136 F.3d 417, 422 (5th Cir. 1998) (quoting *Morgan*, 346 U.S. at 512 (alteration in original)).

by granting the writ.[17] "In addition, a petitioner bears the considerable burden of overcoming the presumption that previous judicial proceedings were correct."[18]

Ineffective assistance of counsel may provide grounds for *coram nobis* relief.[19] The standard for establishing an ineffective assistance of counsel claim comes from the two-prong *Strickland* test,[20] which requires a petitioner to show both that her counsel's performance was deficient and that the deficient performance prejudiced her cause.[21] Under the deficient performance prong, a court evaluates an attorney's performance based on "an objective standard of reasonableness under prevailing professional norms."[22] Under the prejudice prong, a petitioner must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[23] Because a petitioner must prove both deficient performance and prejudice, failure to prove either is fatal to an ineffective assistance of counsel claim.[24]

## ANALYSIS

### A. Sufficiency of the Evidence

In Chico's first three claims, she asserts her counsel failed to (1) investigate whether she encouraged or induced Duarte-Cervantes to come to, enter, or reside in the United States; (2)

---

[17] *Foont v. United States*, 93 F.3d 76, 78–79 (2nd Cir. 1996).

[18] *Dyer*, 136 F.3d at 422 (citation omitted).

[19] *United States v. Castro*, 26 F.3d 557, 559–60 (5th Cir. 1994).

[20] *Strickland v. Washington*, 466 U.S. 668 (1984).

[21] *Castro*, 26 F.3d at 560 (citing *Strickland*, 466 U.S. at 687).

[22] *Id.* (quotations omitted).

[23] *Id.* (quotations omitted).

[24] *Johnson v. Scott*, 68 F.3d 106, 109 (5th Cir. 1995).

explain the elements of the alleged offense to her; or (3) advise her that the Government did not have sufficient evidence to prove she committed the alleged offense. In her fifth claim, Chico maintains her actual innocence. Chico contends she merely "made a spur-of-the-moment decision to help Duarte-Cervantes without asking for a fee because of her friendship with [his] wife . . ."[25]

"In order to establish a criminal violation of § 1324(a), the Government must prove, beyond a reasonable doubt, that the defendant (1) encouraged or induced the alien to reside in the United States (2) knowing or in reckless disregard that the alien's residence in the United States was in violation of the law."[26] The Eleventh Circuit Court of Appeals gives "a broad interpretation to the phrase 'encouraging or inducing' in this context, construing it to include the act of 'helping' aliens come to, enter, or remain in the United States."[27] The Fourth Circuit Court of Appeals explains "'encouraging' relates to actions taken to convince the illegal alien to come to this country or to stay in this country."[28] Thus, providing "fraudulent documents and immigration papers . . . constitutes 'encourages' as that word is used in the statute."[29] Inducing "means to knowingly bring on or about, to affect, cause to influence an act or course of conduct, lead by persuasion or reasoning, incite by motives, and/or to prevail on."[30]

---

[25] Pet'r's Pet. 8, ECF No. 1.

[26] *United States v. Ndiaye*, 434 F.3d 1270, 1297 (11th Cir. 2006).

[27] *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1295 (11th Cir. 2010)

[28] *United States v. Oloyede*, 982 F.2d 133, 137 (4th Cir. 1992).

[29] *Id.*

[30] *United States v. Lopez*, 590 F.3d 1238, 1247 (11th Cir. 2009).

In this case, the criminal complaint states Duarte-Cervantes told a CBP officer that Chico provided him with a false United States passport book and told him to memorize the information contained inside. Duarte-Cervantes also said Chico told him to claim he was her husband during any border inspection. Chico admitted to the CBP officer that she knew Duarte-Cervantes was a citizen of Mexico, did not possess the legal documents necessary to enter the United States, and was not her husband. Thus, a jury would have had ample evidence before it to conclude, beyond a reasonable doubt, that Chico encouraged Duarte-Cervantes to enter the United States, with knowledge or in reckless disregard of the fact that his entry was in violation of law.

Counsel, of course, has a duty to conduct a reasonable investigation into the allegations against a defendant or to make a reasonable decision that a particular investigation is unnecessary.[31] A determination of whether an investigation is reasonable or further investigation is unnecessary depends upon a variety of factors, including the number of issues in the case, the relative complexity of those issues, the strength of the Government's case, and the overall defense strategy.[32] However, bare allegations and conclusory statements of a defense counsel's failure to investigate—unsupported by factual allegations or proof to demonstrate prejudice—are insufficient to support a claim for collateral relief from a conviction.[33] A movant who alleges a failure to investigate on the part of her counsel must allege with specificity what the

---

[31] *Nelson v. Hargett*, 989 F.2d 847, 850 (5th Cir. 1993) (citing *Strickland v. Washington*, 466 U.S. 668, 691 (1984).

[32] *Baldwin v. Maggio*, 704 F.2d 1325, 1333 (5th Cir. 1983).

[33] *Mayberry v. Davis*, 608 F.2d 1070, 1072 (5th Cir. 1979).

investigation would have revealed and how it would have altered the outcome of the trial.[34] Moreover, even where trial counsel has clearly failed to adequately investigate a case, a movant must demonstrate that counsel's failure has prejudiced her cause.[35] To show prejudice, the movant must prove that an alleged breach of her attorney's duty to investigate resulted in an actual and substantial disadvantage to the course of her defense.[36]

Chico contends a further investigation by her counsel would have disclosed "she did not accept or agree to accept money or any other form of compensation [and] her decision . . . was based solely on her friendship with Duarte-Cervantes' wife."[37] She also suggests Duarte-Cervantes could have corroborated her claim that she did not encourage or induce him to enter the United States.[38] Thus, she suggests a further investigation would have shown she lacked the intent to violate the law.

> As in other criminal prosecutions that require *mens rea,* the government may prove the defendant's knowledge by reference to the facts and the circumstances surrounding the case. Relevant considerations bearing on this issue include whether the defendant received compensation for his transportation activity, whether the defendant took precautionary efforts to conceal the illegal aliens,

---

[34] *Nelson*, 989 F.2d at 850 (citing *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989).

[35] *Lockhart v. McCotter*, 782 F.2d 1275, 1282 (5th Cir. 1986).

[36] *Baldwin*, 704 F.2d at 1333.

[37] Pet'r's Pet. 9, ECF No. 1.

[38] *Id.* at 10.

and whether the illegal aliens were the defendant's friends or co-workers or merely human cargo."[39]

The Government, however, never suggests Chico received compensation or was motivated by any factor other than to do a favor for a friend. The criminal complaint clearly states "[t]he DEFENDANT further stated that she was just bringing [Duarte-Cervantes] into the United States as a favor for [his] wife."[40] The presentence investigation report recommends Chico receive a three-level downward adjustment to her sentence because "the offense was committed other than for profit . . . as a favor for a neighbor . . ."[41] The Government's evidence shows Chico gave Duarte-Cervantes a false United States passport book, asked him to memorize its contents, told him to tell inspectors at the border he was her husband, and drove him from Mexico into the United States. It also shows Chico knew Duarte-Cervantes was a citizen of Mexico, did not possess the legal documents necessary to enter the United States, and was not her husband. Notably, Chico does not identify with specificity what new evidence further investigation would have revealed or how it would have altered the outcome of her trial. Chico has not, therefore, carried her burden of showing specifically how her attorney's purported failure to conduct a further investigation prejudiced her cause.

Furthermore, Chico testified under oath at her plea hearing that she fully understood "the nature of the charge" against her.[42] "Solemn declarations in open court carry a strong presumption of verity," forming a "formidable barrier in any subsequent collateral

---

[39] *United States v. Parmelee*, 42 F.3d 387, 391 (7th Cir. 1994).

[40] Criminal Compl. 2, ECF No. 1, EP-13-CR-1203-FM-1.

[41] Presentence Investigation Report 6, ECF No. 26-1.

[42] Report and Recommendation 1, ECF No. 22.

proceedings."[43] Thus, "a defendant ordinarily will not be heard to refute her testimony given at a plea hearing while under oath."[44]

Finally, based on the evidence outlined above, the Government had evidence to prove beyond a reasonable doubt that Chico committed the offense as alleged. When faced with this overwhelming evidence, Chico cannot maintain her actual innocence.

In sum, Chico has not met her burden of establishing her counsel's performance was either deficient or prejudiced her cause. She is not entitled to relief on these claims.

### B. Immigration Consequences of a Guilty Plea

Chico also claims her counsel affirmatively represented to her that her guilty plea "would not result in her deportation or removal from the United States because she was a United States citizen."[45] She argues her counsel provided ineffective assistance under the standard established in *Padilla v. Kentucky*, 559 U.S. 356 (2010),[46] by failing to properly advise her that the offense to which she was pleading guilty would result in her deportation.

Chico states during the plea colloquy with the Magistrate Judge that she fully understands "the possible immigration consequences for non-United States citizens upon entering a guilty

---

[43] *Blackledge v. Allison,* 431 U.S. 63, 73–74 (1977).

[44] *United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir. 1998) (citing *United States v. Fuller,* 769 F.2d 1095, 1099 (5th Cir. 1985)).

[45] Pet'r's Pet. 11, ECF No. 1.

[46] *See Padilla v. Kentucky,* 559 U.S. 356, 374 (2010) ("We now hold that counsel must inform her client whether his plea carries a risk of deportation. Our longstanding Sixth Amendment precedents, the seriousness of deportation as a consequence of a criminal plea, and the concomitant impact of deportation on families living lawfully in this country demand no less.").

plea."[47] Indeed, pursuant to a 2013 amendment, Federal Rule of Criminal Procedure 11 requires a court, before accepting a guilty plea, to advise every defendant "that, if convicted, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future."[48] As a consequence, "a judge's statement at the guilty plea proceeding that deportation is 'likely' is not dispositive of whether a petitioner whose counsel failed to advise him regarding the immigration consequences of his plea can demonstrate prejudice as a result therefrom."[49] Thus, Chico is not foreclosed from challenging her guilty plea under *Padilla* solely because, as in this case, the Magistrate Judge notified her that her deportation was "likely."

As discussed above, however, *coram nobis* is an "extraordinary" remedy.[50] It should not be issued without a finding of "sound reasons" for not seeking relief earlier.[51] While there are no statutory time limits to a petition,[52] a petitioner should at least meet the same standards of diligence as others seeking collateral relief through a habeas corpus petition.

---

[47] Report and Recommendation 2, ECF No. 22.

[48] Fed. R. Crim. P. 11(b)(1)(O).

[49] *United States v. Batamula*, 788 F.3d 166, 176 (5th Cir. 2015).

[50] *United States v. Esogbue*, 357 F.3d 532, 534 (5th Cir. 2004) (internal quotation marks omitted) (quoting *Jimenez v. Trominski*, 91 F.3d 767, 768 (5th Cir. 1996)).

[51] *See United States v. Dyer*, 136 F.3d 417, 422 (5th Cir.1998) ("The writ will issue only when no other remedy is available and when 'sound reasons exist[ ] for failure to seek appropriate earlier relief.'") (quoting *United States v. Morgan*, 346 U.S. 502, 512 (1954) (alteration in original))).

[52] *Flippins v. United States*, 747 F.2d 1089, 1091 (6th Cir.1984).

"'[T]he primary means of collateral attack on a federal sentence'" is a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence.[53] Relief under § 2255 is warranted for errors that occurred at trial or sentencing.[54] A § 2255 motion is subject to a one-year limitations period.[55] A federal prisoner must file his motion within one year from the date on which (1) the judgment became final;[56] (2) the government-created impediment to filing the motion was removed;[57] (3) the United States Supreme Court initially recognized, and made retroactively applicable to cases on collateral review, the legal predicate for the motion;[58] or (4) the petitioner could have discovered, through due diligence, the factual predicate for the motion.[59]

---

[53] *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990)).

[54] *See Cox*, 911 F.2d at 1114 (5th Cir. 1990) ("The district court's dismissal of these grounds clearly was proper because they concerned alleged errors that occurred at sentencing and, therefore, may be remedied under section 2255."); *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997) ("Because all of the errors Ojo alleges [occurred before or during sentencing], they must be addressed in a § 2255 petition, and the only court with jurisdiction to hear that is the court that sentenced him."); *Solsona v. Warden, F.C.I.*, 821 F.2d 1129, 1131 (5th Cir. 1987) (explaining that, because defendant's claims attacked the constitutionality of his conviction and proof of his claims would undermine the validity of his conviction, his exclusive initial remedy was a motion under§ 2255).

[55] 28 U.S.C. § 2255(f) (West 2015).

[56] *See id.* § 2255(f)(1) ("The limitation period shall run from . . . the date on which the judgment of conviction becomes final . . .").

[57] *See id.* § 2255(f)(2) ("The limitation period shall run from . . . the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action.").

[58] *See id.* § 2255(f)(3) ("The limitation period shall run from . . . the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.").

[59] *See id.* § 2255(f)(4) ("The limitation period shall run from . . . the date on which the

The one-year limitations period is not jurisdictional and is subject to equitable tolling.[60] Equitable tolling is not, however, available for "'garden variety claims of excusable neglect.'"[61] It "is permitted only 'in rare and exceptional circumstances.'"[62] Such circumstances include situations in which a movant is actively misled by the respondent "'or is prevented in some extraordinary way from asserting his rights.'"[63] Additionally, "'[e]quity is not intended for those who sleep on their rights.'"[64] Rather, "'[e]quitable tolling is appropriate where, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim.'"[65] Moreover, a movant has the burden of proving that he is entitled to equitable tolling.[66] In order to satisfy his burden, he must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing a motion.[67] "The

---

facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."); *United States v. Brown*, 305 F.3d 304, 306–07 (5th Cir. 2002).

[60] *Holland v. Florida*, 560 U.S. 631, 645 (2010) ("[W]e hold that § 2244(d) is subject to equitable tolling in appropriate cases.").

[61] *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

[62] *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)).

[63] *Id.* (quoting *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999)).

[64] *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (quoting *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)).

[65] *Id.* at 715 n.14 (quoting *Pacheco v. Rice*, 966 F.2d 904, 906–07 (5th Cir. 1992)).

[66] *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

[67] *Lawrence v. Florida*, 549 U.S. 327, 336 (2007).

decision to invoke equitable tolling is left to the discretion of the district court" and reviewed only for an abuse of discretion.[68]

In most cases, § 2255's limitations period begins to run when the judgment of conviction becomes final.[69] A judgment becomes final when the applicable period for seeking direct review expires.[70] In this case, the Court entered its judgment on October 31, 2013, and Chico's conviction became final on November 14, 2013, the last day on which she could have appealed to the Fifth Circuit Court of Appeals.[71] Accordingly, Chico's time period for filing a § 2255 motion within one year after her conviction became final expired on November 14, 2014. Chico delayed filing her petition for a writ of error *coram nobis* until October 14, 2015. Thus, she submitted it nearly one year beyond the deadline. Her petition is untimely under the rules applicable to § 2255 motions unless another statutory provision or equitable tolling applies.

Chico does not allege in her petition that a government-created impediment prevented her from filing her motion.[72] Further, she does not assert her petition is timely because the Supreme Court initially recognized the legal predicate for her motion and made it retroactively applicable

---

[68] *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002).

[69] *See Clay v. United States*, 537 U.S. 522, 524 (2003) ("A motion by a federal prisoner for postconviction relief under 28 U.S.C. § 2255 is subject to a one-year time limitation that generally runs from 'the date on which the judgment of conviction becomes final.'") (quoting 28 U.S.C. § 2255(f)(1)).

[70] *Id.* at 525; *United States v. Gamble*, 208 F.3d 536, 536–37 (5th Cir. 2000) (per curiam).

[71] *See* Fed. R. App. P. 4(b)(1)(A) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal."); *see also United States v. Johnson*, 457 U.S. 537, 542 n.8 (1982) (noting that a conviction is final when the availability of further appeal is exhausted).

[72] 28 U.S.C. § 2255(f)(2).

to cases on collateral review within the past year.[73] She does, however, suggest she "first became aware that she potentially faced removal or deportation from the United States after receiving a letter dated October 18, 2013 from her trial counsel."[74] The letter "informed Chico that 'If all documentation is not available at the time of sentencing, which is scheduled on October 30th you may be removed [to] Mexico after your sentencing is complete.'"[75] Using either of these dates—the date her conviction became final or the date she learned she could be removed to Mexico—Chico still submitted her petition approximately a year beyond the deadline. Her petition is therefore untimely under the rules applicable to § 2255 motions unless equitable tolling applies.

Chico does not argue that she "has been pursuing [her] rights diligently, and . . . that some extraordinary circumstance stood in [her] way" of timely filing her petition.[76] Accordingly, it appears from the record that Chico's motion is untimely and that she is not entitled to equitable tolling.

Furthermore, a writ of *coram nobis* cannot be issued without a finding of "sound reasons" for not seeking relief earlier.[77] Chico provides no such reasons here. Chico's delay is unreasonable, and her petition is untimely.

---

[73] *Id.* § 2255(f)(3).

[74] Pet'r's Pet. 12, ECF No. 1.

[75] *Id.* at 13.

[76] *Lawrence v. Florida*, 549 U.S. 327, 336 (2007).

[77] *See United States v. Dyer*, 136 F.3d 417, 422 (5th Cir.1998) ("The writ will issue only when no other remedy is available and when 'sound reasons exist[ ] for failure to seek appropriate earlier relief.'") (quoting *United States v. Morgan*, 346 U.S. 502, 512 (1954) (alteration in original))).

### C. Plea Agreement

Finally, Chico contends her counsel failed to "obtain a plea agreement wherein [she] would enter a guilty plea to the offense of making a false statement to a federal officer."[78] She suggests "if she had entered a plea of guilty to the offense of making a false statement . . . [s]he could have sought the remedy of cancellation of removal," which would have enabled her to remain in the United States.[79]

The Court notes "defendants have 'no right to be offered a plea . . . nor a federal right that the judge accept it.'"[80] When a petitioner contends her counsel failed to properly negotiate a favorable plea, she:

> must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.[81]

Moreover, "[i]f no plea offer is made, or a plea deal is accepted by the defendant but rejected by the judge" there is no basis for an ineffective assistance of counsel claim under the Sixth Amendment.[82]

---

[78] Pet'r's Pet. 17, ECF No. 1.

[79] *Id.*

[80] *Lafler v. Cooper*, 132 S.Ct. 1376, 1387 (2012) (quoting *Missouri v. Frye*, 132 S.Ct. 1399, 1388–1389 (2011).

[81] *Id.* at 1385.

[82] *Id.* at 1387.

16

In this case, the grand jury returned a one-count indictment alleging Chico "did encourage and induce a certain alien to come to, enter, and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry, and residence in the United States was in violation of law," in violation of 18 U.S.C. §§ 1324(a)(1)(A)(iv) and (a)(1)(B)(ii).[83] The United States Attorney for the Western District of Texas generally has not offered plea agreements when a grand jury returns a one-count indictment.

Furthermore, Chico provides no evidence that the Government ever considered offering her a plea agreement or that she would have accepted its terms. Finally, there is no indication that the Court would have accepted the terms of a plea agreement. Thus, Chico has not shown that her counsel was ineffective for not obtaining a plea agreement and she cannot demonstrate prejudice. Chico is not entitled to relief on this claim.

## CONCLUSION AND ORDERS

Accordingly, the Court finds Chico is not entitled to the extraordinary remedy of a writ of error *coram nobis*. The Court, therefore, enters the following orders:

**IT IS ORDERED** that Chico's petition for a writ of error *coram nobis* under 28 U.S.C. § 1651(a) is **DENIED** and her civil cause is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED** as moot.

**IT IS ALSO ORDERED** that the Clerk shall **CLOSE** this case.

**SO ORDERED.**

SIGNED this ___17___ day of November 2015.

FRANK MONTALVO
UNITED STATES DISTRICT JUDGE

---

[83] Indictment, ECF No. 11.

In this case, the grand jury returned a one-count indictment alleging Chico "did encourage and induce a certain alien to come to, enter, and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry, and residence in the United States was in violation of law," in violation of 18 U.S.C. §§ 1324(a)(1)(A)(iv) and (a)(1)(B)(ii).[83] The United States Attorney for the Western District of Texas generally has not offered plea agreements when a grand jury returns a one-count indictment.

Furthermore, Chico provides no evidence that the Government ever considered offering her a plea agreement or that she would have accepted its terms. Finally, there is no indication that the Court would have accepted the terms of a plea agreement. Thus, Chico has not shown that her counsel was ineffective for not obtaining a plea agreement and she cannot demonstrate prejudice. Chico is not entitled to relief on this claim.

## CONCLUSION AND ORDERS

Accordingly, the Court finds Chico is not entitled to the extraordinary remedy of a writ of error *coram nobis*. The Court, therefore, enters the following orders:

**IT IS ORDERED** that Chico's petition for a writ of error *coram nobis* under 28 U.S.C. § 1651(a) is **DENIED** and her civil cause is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED** as moot.

**IT IS ALSO ORDERED** that the Clerk shall **CLOSE** this case.

**SO ORDERED.**

SIGNED this ___17___ day of November 2015.

FRANK MONTALVO
UNITED STATES DISTRICT JUDGE

---

[83] Indictment, ECF No. 11.